UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

PATRICK WARING and  Case No.: 11-76996-ast
BARBARA WARING,  Chapter 7

                       Debtors.
-----------------------------------------------------------X
ROBERT L. PRYOR, Chapter 7 Trustee
of the Bankruptcy Estate of Patrick Waring
and Barbara Waring,
                       Plaintiff,

       - against -  Adv. Pro. No.: 12-8047-ast

NEW YORK STATE, DEPARTMENT OF
TAXATION AND FINANCE,

                       Defendant.
-----------------------------------------------------------X

## DECISION AND ORDER GRANTING DEFENDANT JUDGMENT ON TRUSTEE'S ACTION TO RECOVER A PREPETITION TAX PAYMENT AS A PREFERENCE

Pending before the Court is a complaint under which the plaintiff, Robert L. Pryor, Chapter 7 trustee of the bankruptcy estate of the above named debtors (the "Trustee"), seeks to avoid and recover a $7,067.00 prepetition transfer by the debtors to the defendant, New York State, Department of Taxation and Finance ("NYS"), in payment of the debtors' 2010 New York State individual income taxes (the "Payment"). The Trustee asserts the Payment constitutes a preference under 11 U.S.C. § 547(b); NYS counters that the Payment is not avoidable because the transfer was not for or on account of an antecedent debt and, in the alternative, because the Payment was made in the ordinary course of business. The Trustee and NYS submitted a stipulated record for the trial of this matter. For the reasons set forth below, this Court concludes that the Trustee has failed to establish that the Payment was for or on account of an antecedent

debt and, therefore, he cannot avoid the Payment as a preferential transfer. The Court also concludes, in the alternative, that NYS has failed to meet its burden of proof on its ordinary course defense.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(b)(2)(A), (B), (F), and (O), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## Background and Procedural History

The following facts are taken from the parties' stipulated trial record (the "Stipulated Trial Record") [dkt items 14, 16] and, unless otherwise indicated, are not in dispute.

Debtors, Patrick Waring and Barbara Waring ("Debtors"), are New York State residents and New York State taxpayers. On or about April 15, 2011, Debtors requested and received from NYS an automatic six-month extension of the deadline to pay their 2010 New York State individual income taxes. [dkt item 14, Ex. "D"]

On August 2, 2011, Debtors transferred the sum of $7,067.00 to NYS by check number 148 dated August 2, 2011. [dkt item 14, Ex. "A"] Debtors' 2010 New York State Resident Income Tax Return indicates that Debtors owed $7,567.00[1] to New York State for income taxes (the "Return"). [dkt item 14, Ex. "B"] The Return is unsigned and undated, and the Stipulated Trial Record does not indicate when the Return was filed; however, the Trustee acknowledges that the Return was filed prior to expiration of the extension period and does not dispute that, as a result, no penalty was assessed. Amended Joint Stipulated Trial Record at ¶ 1(B) [dkt item 16].

---

[1] The parties have not explained the apparent $500.00 discrepancy between the taxes listed as being owed on the Return and the Payment amount. That difference, if it exists, is not material to the resolution of this matter.

On September 30, 2011 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").[2] On Schedule D to their petition, Debtors listed a debt to the Internal Revenue Service for unpaid taxes for the 2010 tax year in the amount of $29,496.00. [Main Case No. 11-76996-ast, dkt item 1, Sch. "D"] Debtors did not list a debt to NYS. NYS did not file a proof of claim.

Robert L. Pryor, Esq., was appointed and duly qualified as Trustee of Debtors' estate.

On December 19, 2011, the Trustee sent a letter to NYS demanding that it return the Payment. [dkt item 1, Ex. "B"]

On February 10, 2012, the Trustee commenced this adversary proceeding against NYS seeking to recover the Payment from NYS as a preference under §§ 547(b) and 550 (the "Complaint").[3] [dkt item 1]

On March 12, 2012, NYS interposed an answer (the "Answer") [dkt item 4] asserting that the Payment "cannot be avoided because it was not a preferential transfer" and because "[t]imely payments of tax cannot be avoided under 11 U.S.C. § 547." Answer at ¶ 3. In its Answer, NYS also raises two affirmative defenses to the preference claim: contemporaneous exchange under § 547(c)(1) and ordinary course of business or financial affairs under § 547(c)(2).

Following two pretrial conferences and a discovery period, the parties submitted a Consent Order, agreeing to have the Court try this adversary proceeding on a stipulated record, which this Court approved on December 3, 2012. [dkt item 13]

On December 18, 2012, the parties filed the Stipulated Trial Record, which was amended on January 7, 2013. [dkt item 16] On January 16, the Trustee filed his Memorandum of Law in

---

[2] All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, unless otherwise stated.

[3] The Trustee also seeks to disallow NYS's claim under § 502(d), even though NYS did not file a claim. NYS does not oppose this relief, because it did not file a claim.

support of judgment on the Complaint ("Trustee's Brief"). [dkt item 17]  On January 23, NYS filed its Memorandum of Law in Opposition ("NYS's Brief"). [dkt item 18]  On January 30, the Trustee filed a Memorandum of Law in further support (the "Reply"). [dkt item 19]

Following receipt of these filings, the Court took this matter on submission.

## Summary of Arguments

The parties have narrowed the issues to be decided by this Court.  First, the Trustee asserts that NYS should be deemed to have admitted all the elements of a preference under § 547(b) because "[t]here is no direct response to any of the allegations in the Plaintiff's Complaint."  Trustee's Brief at p. 3.  NYS disputes the Trustee's allegation that it admitted that the Payment was for or on account of an antecedent debt.  NYS's Brief, Point I.  Accordingly, at a minimum, NYS is deemed to have admitted all the other elements of a preference action, with the exception of the antecedent debt element.[4]

Second, NYS asserts that the Payment was not for or on account of an antecedent debt because § 547(a)(4) provides that "a debt for a tax is incurred on the day when such tax is last payable without penalty, *including any extension*."  NYS's Brief, Point II (quoting 11 U.S.C.

---

[4] Under § 547(b), the Trustee can "avoid any transfer of an interest of the debtor in property" where the transfer was:

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made--
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if--
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (2012); *see In re Citron*, 428 B.R. 562, 573 (Bankr. E.D.N.Y. 2010).  With respect to the third element, insolvency, there is a presumption that a debtor is insolvent during the ninety-day period prior to the petition date. 11 U.S.C. § 547(f).

4

§ 547(a)(4)) (emphasis in original).  The Trustee counters that the antecedent debt element has been met because under the Internal Revenue Code, the debtors were required to pay their taxes when their Return was due to be filed, April 18, 2011, regardless of any extension of time for filing the return.  Trustee's Brief at p. 7.  Thus, the parties disagree as to when the Payment was due and, therefore, whether the Payment was past due when made.

Third, NYS argues that if the Payment was a preference, it was made in the ordinary course of Debtors' and NYS's business or financial affairs, such that it cannot be avoided under § 547(c)(2).  NYS's Brief, Point III.  The Trustee asserts that the ordinary course defense is not applicable to this matter because Debtors were unemployed at the time the Payment was made and therefore not engaged in business, and because ordinary course does not apply to tax payments.  Trustee's Brief at p. 17.  The Trustee also disputes NYS's contemporaneous exchange defense; however, while NYS raised contemporaneous exchange in its Answer, it did not raise it in the Stipulated Trial Record or in its Brief.  Accordingly, the contemporaneous exchange defense is deemed abandoned.  *See In re Schick*, 234 B.R. 337, 347 n.15 (Bankr. S.D.N.Y. 1999); *see also Katt v. City of N.Y.*, 151 F. Supp. 2d 313, 346 (S.D.N.Y. 2001).

## Discussion

Section 547(b) "authorizes the Trustee to avoid a transfer which prefers one creditor over similarly situated creditors, and allows the transferee to receive more than it would have received in a Chapter 7 case had the transfer not been made."  *In re Zerbo*, 397 B.R. 642, 648 (Bankr. E.D.N.Y. 2008).  As the movant, "[t]he Trustee bears the burden of proof on all elements of a preference claim under Section 547."  *Id.* at 657; *see* 11 U.S.C. § 547(g).  NYS bears the burden of proof with respect to any affirmative defenses under § 547(c).  *See* 11 U.S.C. § 547(g).

5

### A.     NYS Is Not Deemed to Have Admitted Antecedent Debt in Its Answer

Prior to reaching the merits of this dispute, the Court must address a threshold issue raised in the Trustee's Brief: whether NYS waived the right to dispute whether the Payment was for or on account of an antecedent debt by failing to deny the antecedent debt allegation in its Answer.  Specifically, the Trustee alleges that "NYS[] failed to respond to the allegations contained in Plaintiff's Complaint" and therefore the elements of a preference action "are all deemed admitted under Federal Rule of Civil Procedure 8(b)(6)."  Trustee's Brief at pp. 4-5. NYS responds that "a good portion of the Answer is dedicated to arguing and establishing that there was no antecedent debt in this matter."  NYS's Brief, Point I.

With respect to defenses, admissions and denials, Rule 8(b) of the Federal Rules of Civil Procedure ("FRCP"), as incorporated by Federal Rule of Bankruptcy Procedure 7008, requires that "a party must (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."  FED R. CIV. P. 8(b)(1).  "A denial must fairly respond to the substance of the allegation."  FED R. CIV. P. 8(b)(2).  "An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied."  FED R. CIV. P. 8(b)(6).

There are no magic words needed to deny an allegation.  "[T]he federal rules were designed to eliminate objections based on frivolous or immaterial technicalities.  As long as the statement fairly meets the substance of the averment being denied and it is clear what defenses the adverse party is being called upon to meet at trial, a responsive plea should be upheld even though it may be argumentative in form."  *Scherer v. Equitable Life Assurance Society of U.S.*, 2004 WL 2101932, at *12 (S.D.N.Y. Sept. 21, 2004) (quoting 5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1268 (3d. ed.

1998)) (hereinafter "FEDERAL PRACTICE").  Accordingly, FRCP 8(b) requires that "a defendant's pleading . . . apprise the opponent of those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable the plaintiff to prevail."  FEDERAL PRACTICE § 1261.

Here, the Trustee essentially argues that because NYS did not use the word "deny" or "denial" in its Answer, NYS should be deemed to have admitted the antecedent debt element.  This Court disagrees.

In reviewing the Answer, this Court concludes that NYS did, in fact, deny the Trustee's antecedent debt allegation, albeit in argumentative form.[5]  NYS asserted in its Answer that the Payment "cannot be avoided because it was not a preferential transfer" and that "[t]imely payments of tax cannot be avoided under 11 U.S.C. § 547."  Answer at ¶ 3 (quoting 11 U.S.C. § 547(a)(4); IRS Manual: 5.17.8.26 (10-16-2007), *Trustee's Power to Avoid Preferences: Antecedent debt requirement*).  NYS's Answer continues:

> The $7,067.00 corresponds exactly with the amount that the Debtors indicated on the return was owed to the Department, and the $7,067.00 was applied only to the obligation stemming from the return.  Moreover, although the return was originally due on April 18, 2011, the Debtors filed for an extension and thus had until October 17, 2011 to file the return.  So the return and payment were clearly timely **and therefore the $7,067.00 was not applied to an antecedent debt** but was instead a contemporaneous exchange between the two parties.

*Id.* (emphasis added).  The Court concludes that the statements in NYS's Answer, taken together, apprised the Trustee of which allegations in his Complaint NYS had admitted, and fairly responded to and denied the Trustee's allegation that the Payment was for or on account of an antecedent debt.  Accordingly, NYS preserved the issue of antecedent debt to be decided at trial.

---

[5] This Court notes that "[d]espite the liberality of the federal rules, practitioners would be wise to limit themselves to simple denials, rather than adding additional facts by responding indirectly rather than directly."  FEDERAL PRACTICE § 1261; *see Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 5 n.1 (1st Cir. 2010).

**B.    The Payment Was Not for or on Account of an Antecedent Debt**

Turning to the substance of the Trustee's Complaint, the Trustee asserts that the Payment by Debtors to NYS was "for or on account of an antecedent debt owed by the debtor before such transfer was made . . . ." 11 U.S.C. § 547(b)(2). "A debt is antecedent when the Debtor first becomes legally obligated to pay for it." Trustee's Brief at p. 6 (citing *In re Moran*, 188 B.R. 492, 497 (Bankr. E.D.N.Y. 1997)). "[P]ayments made by a debtor on tax obligations are subject to avoidance as preferential transfers, like any other transfers which meet the . . . criteria of 11 U.S.C. § 547(b)." *In re Am. Int'l Airways, Inc.*, 83 B.R. 324, 328 (Bankr. E.D. Pa. 1988) (noting that while payments of trust fund taxes are generally not avoidable, payments of a debtor's own tax obligations may be avoided as a preference).

The Trustee argues that the Payment to NYS is avoidable because Debtors became legally obligated to pay their 2010 New York State income taxes on April 15, 2011, when their return was due to be filed, regardless of the fact that Debtors obtained an automatic extension of the deadline to file the Return. Trustee's Brief at p. 8. In support, the Trustee points to the language of the Internal Revenue Code, 26 U.S.C. § 6151(a), which provides that:

> Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulations, **the person required to make such return shall**, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall **pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return).**

26 U.S.C. § 6151(a) (emphasis added). Relying on this statute, the Trustee argues that because the Payment was made on August 2, 2011, after the deadline to file a return, the Payment was for an antecedent debt. As noted above, the Trustee does not dispute NYS's assertion that Debtors paid their tax within the extension period and as a result "no penalty was assessed." NYS'S Brief, Part II.

8

For its part, NYS disputes the Trustee's conclusion and the statutory basis for his analysis. NYS asserts that the relevant statute is § 547(a)(4) of the Bankruptcy Code, not 26 U.S.C. § 6151(a).[6] Section 547(a)(4) provides that for the purposes of a preference action "a debt for a tax is incurred on the day when such tax is last payable without penalty, **including any extension**." 11 U.S.C. § 547(a)(4) (emphasis added). NYS also points out that the deadline to file a New York State personal income tax return in 2011 was April 18, 2011.[7] NYS's Brief, Point II. Thus, the dispute as to antecedent debt boils down to whether Debtors "first become legally obligated to pay" their 2010 New York State incomes taxes on April 18, 2011 or October 18, 2011 for purposes of § 547(a)(4). NYS is correct in its analysis.

Pursuant to § 547(a)(4), the Payment was not for or on account of an antecedent debt because Debtors made the Payment (on August 2, 2011) prior to the date on which Debtors would have been incurred a penalty (October 18, 2011). *See In re Pullman Constr. Indus.*, 190 B.R. 618, 622-23 (Bankr. N.D. Ill. 1996), *aff'd*, 210 B.R. 302, 306-07 (N.D. Ill. 1997) ("[f]or preference purposes under § 547(a)(4), . . . the relevant date is when a party is exposed to penalties regardless of the date the return is actually due."); *In re Wendy's Food Sys., Inc.*, 133

---

[6] The parties appear to agree that 26 U.S.C. § 6151(a) applies in this adversary proceeding despite the fact that the Payment at issue was for New York State taxes and not federal income taxes. This position appears to be consistent with New York state regulations, which incorporate much federal tax regulations into New York tax regulations. *See*, *e.g.*, N.Y. COMP. CODES R. & REGS. tit. 20, § 152.1 (2013). Further, New York State has a nearly identical statute to 26 U.S.C. § 6151(a), which provides that:

> Except as provided in subsection (b) of this section, **a person required to make and file a return under this article shall**, without assessment, notice or demand, **pay any tax due thereon to the commissioner on or before the date fixed for filing such return (determined without regard to any extension of time for filing the return)**. . . . .

N.Y. TAX L. § 652(a) (McKinney 2012) (emphasis added). Thus, under either 26 U.S.C. § 6151(a), or New York Tax Law § 652(a), the debt would be incurred on the date fixed for filing a return without regard to any extensions. NYS maintains, however, that in this bankruptcy dispute, § 547(a)(4) controls and requires this Court to use the last date including any extensions.

[7] This three-day difference as to the return due date is not material to the resolution of this dispute.

9

B.R. 917, 922 (Bankr. S.D. Ohio 1991) (§ 547(a)(4) determines whether a tax payment was made on account of an antecedent debt); *In re Harvard Mfg. Corp.*, 97 B.R. 879, 882 (Bankr. N.D. Ohio 1989) (holding that § 547(a)(4) defines when a tax debt is antecedent for purposes of a preference action, but permitting the transfer at issue to be avoided because it was made after the date on which a penalty was incurred); *Baehr v. IRS Ctr.*, 92 B.R. 616, 624 (Bankr. E.D. Pa. 1988) ("§ 547(a)(4) established, beyond question, that the date when penalties are imposed upon the debtor as taxpayer is the date when tax payments are due, irrespective of the date when tax returns must be filed."); *In re Greasy Creek Coal Co.*, 1984 WL 15648, at *5 (Bankr. S.D. W.Va. 1984); 11 COLLIER ON BANKRUPTCY, BANKRUPTCY TAXATION, ¶ TX5.09 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("For purposes of section 547(b)(2), a debt for a tax is incurred on the day when that tax liability is last payable without penalty, including any extension.").[8]  These same cases recognize, however, that "if a payment is made later than the last day on which the tax may be paid without penalty, then the payment may constitute a preference, if the other elements of a preference are present." *Pullman*, 190 B.R. at 625.

Here, it is undisputed that Debtors made the $7,067.00 Payment to NYS on August 2, 2011, prior to the date on which Debtors would have been subject to a late payment penalty, and that Debtors were not subject to any penalty because they paid their tax to NYS within the extension period.

Further, the Trustee incorrectly relies on 26 U.S.C. § 6151(a), a general tax provision, rather than § 547(a)(4), a specific bankruptcy preference provision.  Thus, to the extent that § 547(a)(4) and 26 U.S.C. § 6151(a) are in conflict, this Court is compelled to apply the more

---

[8] The case law cited in the Trustee's Brief is not persuasive because those cases either do not arise in the context of an avoidance action under the Bankruptcy Code or do not involve an extension of time to file a return. *See* Trustee's Brief at pp. 6-8 (citing cases).

specific provision, § 547(a)(4), to resolve the present dispute.  *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2071 (2012) (relying on the often-cited maxim of statutory interpretation, "the specific governs the general"); *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 101 (2d Cir. 2004) (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976)) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."); *see also Greene v. U.S.*, 79 F.3d 1348, 1355 (2d Cir. 1996) ("When two statutes are in conflict, that statute which addresses the matter at issue in specific terms controls over a statute which addresses the issue in general terms, unless Congress has manifested a contrary aim."); *In re Phillips*, 485 B.R. 53, 59 (Bankr. E.D.N.Y. 2012) (applying the "specific governs the general" rule of statutory construction to a personal injury exemption claimed under § 522(d)(11)(D)).

This Court holds that for purposes of avoiding a prepetition tax payment as a preference under § 547(b), the transfer is not "for or on account of an antecedent debt" if the transfer is made prior to the date on which the debtor would have been subject to a penalty.  Applying that rule to the present matter, this Court concludes that because Debtors made the Payment to NYS prior to October 18, 2011, and did so without incurring a penalty, the Payment was not for or on account of an antecedent debt and, therefore, cannot be avoided as a preference.

### C.     NYS Has Failed to Carry Its Burden of Proof on Ordinary Course

In an abundance of caution, this Court will also address NYS's affirmative defense that the Payment was made in the ordinary course under § 547(c)(2).  As amended in 2005, § 547(c)(2) set forth two alternative bases under which a creditor may raise ordinary course; specifically, the statute provides that "[t]he trustee may not avoid under this section a transfer –

> (2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was –
>
>> (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
>>
>> (B) made according to ordinary business terms . . . .

11 U.S.C. § 547(c)(2). Thus, to prevail on the ordinary course defense, NYS must prove that the debt on which the Payment was made was "incurred by the debtor in the ordinary course of business or financial affairs" of both Debtors and NYS, and either that (A) the Payment was made in the ordinary course of both Debtors' and NYS's business or financial affairs, or (B) the Payment was objectively ordinary according to the ordinary business terms of the industry. *See Leberman v. U.S. Xpress Enters., Inc.*, 2011 WL 6031538, at *2 (N.D.N.Y. Dec. 05, 2011) (quoting *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1298 (11th Cir. 2009)); 5 COLLIER ON BANKRUPTCY ¶ 547.04[2][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

In considering whether a transfer was made in the ordinary course under § 547(c)(2)(A), courts have "generally focused on whether the transactions were ordinary in relation to the prior course of dealings between the particular parties." *In re Cyberrebate.com, Inc.*, 296 B.R. 639, 642 (Bankr. E.D.N.Y. 2003), *aff'd*, *Gold Force Int'l, Ltd. v. Official Comm. of Unsecured Creditors of Cyberrebate.com, Inc.*, 2004 WL 287144 (E.D.N.Y. Feb 10, 2004). In that context, courts consider a number of factors, including "(1) the prior course of dealing between the parties; (2) the amount of the payments, (3) the timing of the payments, and (4) the circumstances surrounding the payments." *Cyberrebate.com*, 296 B.R. at 642; *see In re Ames Dep't Stores, Inc.*, 450 B.R. 24, 32-33 (Bankr. S.D.N.Y. 2011), *aff'd*, 470 B.R. 280, 284-85 (S.D.N.Y. 2012), *aff'd*, 2012 WL 6684567, at *2 (2d Cir. Dec. 26, 2012). To demonstrate a prior course of dealing, the creditor must "establish a 'baseline of dealings' to enable the court to

compare the payment practices during the preference period with the prior course of dealing." *In re M. Fabrikant & Sons, Inc.*, 2010 WL 4622449, at *3 (Bankr. S.D.N.Y. Nov. 04, 2010).

To establish that a transfer was ordinary according to ordinary business terms under § 547(c)(2)(B), the creditor must offer proof of the "prevailing industry standards" and show that the payment was ordinary in relation to those standards. *See Leberman*, 2011 WL 6031538, at *2. Ordinary business terms "refers 'broadly to customary terms and conditions used by other parties in the same industry facing the same or similar problems'." *Cyberrebate.com, Inc.*, 296 B.R. at 644 (quoting *In re Roblin Indus.*, 78 F.3d 30, 39 (2d Cir. 1996)).

In its Brief, NYS appears to invoke ordinary course under both § 547(c)(2)(A) and (B), on which, as noted above, NYS bears the burden of proof.[9] *See* 11 U.S.C. §547(g).

For purposes of § 547(c)(2)(A), NYS has established that the tax debt for which the Payment was made was "incurred" in the ordinary course of Debtors' and NYS's business or financial affairs; however, NYS has failed to prove that the Payment was "made in the ordinary course" of the parties' business or financial affairs. Specifically, while NYS has shown the amount, timing, and circumstances surrounding the Payment, NYS has failed to offer any evidence regarding the prior course of dealings between Debtors and NYS, a necessary element for NYS to establish an ordinary course defense under § 547(c)(2)(A). *See Ames*, 450 B.R. at 32-33; *Cyberrebate.com*, 296 B.R. at 642. Conspicuously absent from NYS's pleadings is any

---

[9] NYS asserts:

> the debt at issue was reported by the Debtors on their joint income tax return, a type of debt that all taxpayers (and the Department) can reasonably expect to incur when such a return is filed. . . . The transfer was made in the ordinary course of both the debtor and the transferee because the Debtors remitted the $7,067.00 to the Department on August 5, 2011, *i.e.*, prior to the Chapter 7 filing and before any penalty could be assessed by the Department. Finally, the transfer was made according to ordinary business terms because the Department processes returns and payments throughout the year and because the Debtors timely remitted the $7,067.00 by check.

NYS's Brief, Point III.

evidence of the timing or modality of Debtor's prior year tax payments; there is no evidence of whether Debtors timely paid their state taxes in any years prior to 2010, whether Debtors sought extensions in any prior years and made tax payments during or after the extension period, or whether Debtors made prior tax year payments in installments or in lump sum payments. As a result, NYS has failed to establish a "baseline of dealings" to enable this Court to compare the Payment to the parties' prior course of dealings, and NYS has failed to satisfy its burden of proof under § 547(c)(2)(A).

Similarly, NYS's ordinary course defense must fail under § 547(c)(2)(B). NYS asserts in its Brief that "the transfer was made according to ordinary business terms because the Department processes returns and payments throughout the year and because the Debtors timely remitted the $7,067.00 by check." NYS's Brief, Point III. However, this statement goes to the parties' course of dealing for tax year 2010, and not to the prevailing industry standards. NYS has offered no proof of the prevailing industry standard and, in particular, whether it is a prevailing industry standard to grant taxpayers an extension of time to file their returns without a penalty. Because NYS bears the burden of proof on ordinary course, that defense must fail.[10]

---

[10] Because the Court concludes that NYS has failed to satisfy its burden of proving ordinary course, the Court need not, and does not, reach the Trustee's argument that the ordinary course defense does not apply to tax payments. Trustee's Brief at p. 16-17. The Court notes, however, that the legislative history indicates that § 547(c)(2) was specifically intended to exclude prepetition tax payments made before the date on which a penalty was incurred from avoidance as a preference. *See Greasy Creek Coal*, 1984 WL 15648, at *5 (quoting H.R. REP. No. 595, 95th Cong., 1st Sess. 373 (1977), 1978 U.S.C.C.A.N. 5963, 6630; *available at* 1977 WL 9628, at *373) ("In the tax context, this exception [§ 547(c)(2)] will mean that a payment of taxes when they are due, either originally or under an extension, . . . will not constitute a voidable preference."). The Court also does not need to reach the Trustee's argument that ordinary course is not available in this case because Debtors were unemployed in 2010. Reply at pp. 3-4. The Court notes, however, that the use of the term "financial affairs" in § 547(c)(2) "is intended to make it clear that the exception applies to both consumer and business debtors"; 5 COLLIER ON BANKRUPTCY ¶ 547.04[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); and that Debtors were required to file a New York State income tax return in 2010 and to pay any income taxes they owed regardless of their employment status. *See* N.Y. TAX L. § 651; N.Y. LABOR L. § 596(6) (any unemployment benefits Debtors may have received would have themselves been included in calculating Debtors' taxable income).

Nevertheless, because this Court has concluded that the Trustee cannot establish all the elements of a preference action, NYS is entitled judgment dismissing the Trustee's Complaint.

## Conclusion

"In bankruptcy," as often in life, "timing is everything." *In re RX Cardiovascular Specs., Inc.*, 355 B.R. 873, 876 (Bankr. S.D. Fla. 2006). When and how a debtor pays a prepetition tax obligation is critical to determining whether the transfer may be avoided in bankruptcy as a preference under § 547(b). If a debtor, such as these Debtors, sought and obtained an extension of the deadline in which to pay their tax obligation without incurring a penalty, then pursuant to § 547(a)(4), that debtor is not legally obligated to pay the debt until the end of the extension period, and a payment made within the extension period may not be avoided as a preference. Here, this Court has concluded that because Debtors made the Payment to NYS on August 2, 2011, during the extension period granted to Debtors, and without incurring a penalty, the Payment was not for or on account of an antecedent debt, and the Trustee cannot recover the Payment as a preference under § 547(b).

For the reasons set forth above, it is hereby

**ORDERED**, that, as a threshold issue, this Court finds and concludes that NYS preserved the issue of whether Debtors' Payment to NYS was for or on account of an antecedent debt by denying the allegation in its Answer; and it is further

**ORDERED**, that because the Trustee has failed to prove that the Payment was for or on account of an antecedent debt, NYS shall have judgment dismissing the Trustee's action brought under §§ 547(b) and 550; and it is further

**ORDERED**, that the Court rejects NYS's ordinary course defense under § 547(c)(2)(A) because NYS failed to offer any evidence to establish a baseline of dealings between the parties,

and the Court further rejects NYS's ordinary course defense under § 547(c)(2)(B) because NYS has failed to offer any evidence of prevailing industry standards; and it is further

**ORDERED**, that the Court has determined not to award costs in accordance with Federal Rule of Bankruptcy Procedure 7054(b).



**Dated: May 1, 2013**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**